UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE: DEEPWATER HORIZON
BELO CASES

Case No. 3:19cv963-MCR-HTC

*This Order Relates to:*

Ryan Scott Hinely, Case No. 3:19cv3474
_____/

## ORDER

This case is before the Court on consideration of the Magistrate Judge's Report and Recommendation dated December 27, 2023 (ECF No. 37). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). The Court has made a *de novo* determination of all timely filed objections.

Having considered the Report and Recommendation, and the timely filed objections, the undersigned concludes that the Report and Recommendation should be adopted. The Plaintiff's supplemental authority, consisting of a summary order granting a request to extend discovery and briefing deadlines in a similar BELO case in the Western District of Louisiana, ECF No. 40, is unpersuasive. Absent any reasoning, this case does not show that BP will not be prejudiced if Plaintiff is

granted relief here.[1]  Moreover, Plaintiff's argument that no causation expert is needed to survive summary judgment in this toxic tort case is summarily rejected. *See McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1237 (11th Cir. 2005) (requiring expert testimony to prove a toxic tort).

Accordingly, it is now **ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation (ECF No. 37) is adopted and incorporated by reference in this Order.

2. Plaintiff's motion to excuse untimely expert disclosures (ECF No. 34) is DENIED.

3. BP's motion for summary judgment (ECF No. 28) is GRANTED.

4. The Clerk is directed to enter judgment in favor of BP and against the Plaintiff.

5. The Clerk is directed to close the file.

**DONE AND ORDERED** this 20th day of March, 2024.

s/ *M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[1] *See Malveaux v. BP*, 6:22cv2633 (W.D. La. Jan. 18, 2024).  Additionally, as noted by Magistrate Judge Cannon, the motion to extend deadlines in the *Malveaux* case was filed and still pending when BP filed its summary judgment motion, whereas here, a motion to extend deadlines was *denied before* the summary judgment motion was filed; now at issue is Plaintiff's motion to excuse untimely expert disclosures, which was filed *after* BP's motion for summary judgment was filed.  *See* ECF No. 46 at 10–11 n.9.

Case No. 3:19cv963-MCR-HTC